UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ANTRUM COSTON | No. 3:24-cr-52 (SRU) |

**ORDER DENYING MOTION TO DISMISS**

Defendant Antrum Coston moves to dismiss the 18 U.S.C. § 3147(1) charge in the indictment. For the following reasons, which supplement the reasons given orally on the record, I **deny** the motion, **doc. no. 46**.

**I.     Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) permits a defendant to file pretrial motions raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *United States v. Sampson*, 898 F.3d 270, 278-79 (2d Cir. 2018). "In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true." *United States v. Litvak*, 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013).

**II.    Discussion**

  A.   Release Under Title 18, Chapter 207

Section 3147 of Title 18 prescribes the penalty for committing an offense "while released under this Chapter," i.e., Chapter 207.[1] The provisions of Chapter 207 provide the authority for

---

[1] Sections 3141 through 3156 comprise Chapter 207 of Title 18.

a judicial officer either to detain or to release a criminal defendant. From the time that criminal proceedings begin against a defendant (upon his first appearance) until the time that criminal proceedings conclude (in a judgment of acquittal or the execution of a sentence), a judicial officer places the defendant in one of two mutually exclusive statuses: (1) detention or (2) release pursuant to a provision of Chapter 207. There is no third status. *See, e.g.,* 18 U.S.C. § 3141 ("A judicial officer . . . before whom an arrested person is brought shall order that such person *be released or detained* . . . .") (emphasis supplied). A person who is not detained has been released under the terms of that section. There are four possible choices a judicial officer can make at the first appearance of a person charged with an offense. Briefly summarized, they are to order: (1) release on personal recognizance; (2) release on conditions; (3) temporary detention pending further action; and (4) detention. *See* 18 U.S.C. § 3142(a).

Sections 3141(a) and 3142 govern release or detention pending trial. A defendant faces the same mutually exclusive options of release or detention until his case has concluded either by a judgment of acquittal or the commencement of a sentence. Section 3141(b) provides that a "judicial officer . . . shall order that, pending imposition or execution of sentence, or pending appeal of conviction or sentence, a person *be released or detained under this chapter.*" *Id.* § 3141(b) (emphasis supplied). The factors that govern the choice whether to release or detain a person after conviction are more specifically set forth in 18 U.S.C. § 3143.

B. Coston's Release Status Over Time

Coston waived his right to indictment and pled guilty to an information in 3:22-CR-00257 (the "2022 Case") on December 20, 2022. Min. Entry, 2022 Case, Doc. No. 5. Coston was not detained following his guilty plea. He was therefore released under Chapter 207 when

he allegedly committed the instant charged offense—unlawful possession of a firearm—on October 25, 2023.

At the change-of-plea hearing in the 2022 Case, defense counsel requested that the court "allow Mr. Coston to remain in the community on the same conditions that the Court issued when he last appeared before your Honor." Tr. of Dec. 20, 2022 Hr'g, 2022 Case, Doc. No. 46 at 56:14-56:16. Coston had last appeared before me for sentencing in yet another case, 3:16-CR-127 (the "2016 Case"). In December 2022, Coston was serving a term of supervised release in the 2016 Case. *Id.* at 56:16-56:18. I granted defense counsel's request at the guilty plea proceeding in the 2022 Case, noting: "All right. I'm going to take a chance on you, Mr. Coston, and I'm going to allow you to remain on the current conditions of release." *Id.* at 60:14-60:16. In so doing, I ordered Coston released pursuant to section 3143(a) and imposed release conditions, pending sentencing in the 2022 Case, that were consistent with Coston's supervised release conditions in the 2016 Case.

The waiver and plea in the 2022 Case occurred over Zoom. For that reason, there was no written order of release signed by the defendant and ordered by the court at the time Coston pled guilty. Accordingly, my courtroom deputy wrote to defense counsel and copied government counsel and a probation officer with the following email:

> Subject: Conditions of Release re Antrum Coston, 22cr257-SRU
>
> Good evening,
>
> At Mr. Coston's waiver and plea hearing, Judge Underhill orally imposed conditions of release consistent with the conditions Mr. Coston is currently being supervised under in 16cr127. Because pre-sentencing and post-sentencing conditions slightly differ, the Court would like to enter a formal order setting conditions of release in the 22cr257 case. Attorney Hayes, please review the attached order with your client and return this back to me when you can.

3

Email sent Friday, January 6, 2023 5:43 PM.  Attorney Hayes returned the signed forms on March 28, 2023 and the court executed and filed the release order the following day.  2022 Case, Doc. No. 14 ("Order Setting Conditions of Release" or the "Order").

The Order Setting Conditions of Release granted Coston release in the 2022 Case subject to two broad sets of conditions[2]:  (1) conditions "consistent with the conditions" of supervised released in the 2016 Case; and (2) a number of "Additional Conditions of Release" set forth on pages two and three of the Order.  *Id.* at 1-3.  The Order Setting Conditions of Release also warned Coston that if he were to commit a felony while on release, he would face an additional penalty of not more than ten years' imprisonment, consecutive to any other sentence he were to receive.  *Id.* at 4.

Coston was sentenced in the 2022 Case on September 18, 2023.  Min. Entry, 2022 Case, Doc. No. 33.  At the sentencing hearing, I terminated Coston's term of supervised release in the 2016 Case, but did not modify, terminate, or vacate the Order Setting Conditions of Release in the 2022 Case.  *See* Sent'g Tr., 2022 Case, Doc. No. 45 at 13:2-13:7.  Thus, both sets of conditions of release imposed by the Order Setting Conditions of Release remained in effect:  the conditions in the 2022 Case "consistent with the conditions" of supervised release in the 2016 Case, and the Order's "Additional Conditions of Release."  Both sets of conditions were in effect on October 25, 2023, when Coston is alleged to have committed the instant offense while on release.

---

[2] "IT IS ORDERED that the defendant's release is subject to these conditions:  (1) The defendant must not violate federal, state, or local law while on release."  Order Setting Conditions of Release, 2022 Case, Doc. No. 14 at 1.

4

### III. Coston's Arguments

Coston raises several arguments in support of his motion to dismiss. For the reasons set forth below, none of those arguments has merit.

### A. <u>Alleged Defects in the Grand Jury Proceeding</u>

Coston first challenges the indictment's section 3147 allegations on the ground that the government's examining attorney principally asked Special Agent Mark Essing leading questions. Although "leading questions tend to mute one of the chief functions of the grand jury, the evaluation of the strength of the evidence and the credibility of witnesses," *United States v. Brito*, 907 F.2d 392, 395 (2d Cir. 1990), the "almost exclusive use of leading questions" in grand jury proceedings is not a permissible ground for dismissing an indictment. *See United States v. Jacobson*, 691 F.2d 110, 115 (2d Cir. 1982); *see also United States v. Weiss*, 752 F.2d 777, 786 (2d Cir. 1985).

Second, Coston argues that the sole witness who testified before the grand jury, Special Agent Essing, had no personal knowledge of Coston's 2022 fraud case[3] and testified based principally on hearsay evidence. Essing testified that Coston had been on release in the 2022 Case when he allegedly committed the instant charged offense—that is, unlawful possession of a firearm by an individual who had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. Doc. No. 48 at 19-20.

"Grand juries may indict a defendant on hearsay alone." *United States v. Hilts*, 757 F. App'x 56, 59 (2d Cir. 2018) (citing *Costello v. United States*, 350 U.S. 359, 362-64 (1956)). There are two exceptions to the permissible "use of hearsay evidence before a grand jury" that "may render an indictment invalid . . . (1) the government misleads the grand jury into thinking it

---

[3] *United States v. Coston*, 3:22-cr-257 (SRU) ("2022 Case").

5

is receiving firsthand testimony when it is in fact receiving hearsay or (2) if there is a high probability that the defendant would not have been indicted had only nonhearsay evidence been used." *United States v. Ruggiero*, 934 F.2d 440, 447 (2d Cir. 1991). Coston demonstrates neither.

First, even if Essing "gave the grand jury misleading testimony" regarding his lack of personal knowledge about the 2022 Case, Coston has not raised "other prosecutorial misconduct" warranting "dismissal of [the] indictment." *See United States v. Jones*, 1998 WL 708952, at *2 (2d Cir. 1998) (summary order).

Second, Coston has not shown that "there is a high probability that [he] would not have been indicted had only nonhearsay evidence been used." *Ruggiero*, 934 F.2d at 447. Essing testified accurately about a court document whose veracity and reliability cannot reasonably be questioned. *See generally* Order Setting Conditions of Release, 2022 Case, Doc. No. 14. And, as discussed above and further below, Coston was "released" under Chapter 207 of Title 18 at the time Coston allegedly committed the offense charged in this case.

Coston argues that he was not on "release" within the meaning of Chapter 207 of Title 18, for three reasons. I first reject Coston's argument that he was not on "release" within the meaning of the Chapter 207 because he was not on *pretrial* release, but rather, had already been sentenced. Chapter 207's plain language applies to individuals like Coston who have been sentenced and have not yet reported to the BOP to execute their sentence. 18 U.S.C. § 3141(b) ("A judicial officer . . . shall order that, pending imposition *or execution of sentence*, . . . a person be released or detained under this chapter.") (emphasis added).[4]

---

[4] I also rejected that argument on the record at the pretrial conference when I denied Coston's first Motion to Dismiss the Indictment, doc. no. 39. Min. Entry, Doc. No. 43.

Second, Coston argues that the 2022 Case's conditions of release were dependent on the continued existence of the 2016 Case's conditions of supervised release. The Order Setting Conditions of Release imposed conditions "consistent with" the supervised release conditions imposed in the 2016 Case; it did not impose conditions that would evaporate if Coston's term of supervised release in the 2016 Case were terminated early or simply expired. At Coston's sentencing hearing in the 2022 Case, I terminated his term of supervised release in the 2016 Case, but I did not modify, vacate, or terminate any aspect of the Order Setting Conditions of Release. Tr. of Sent'g, 2022 Case, Doc. No. 45 at 13:2-13:7. By its plain language, nothing in the Order was contingent upon the continuation in the 2016 Case of the conditions of supervised release; the Order merely adopted as conditions of release in the 2022 Case the conditions "consistent with" the conditions of supervised release imposed in the 2016 Case.

Third, Coston argues that the sentencing itself terminated the Order Setting Conditions of Release. I did not affirmatively restate Coston's conditions of release in the 2022 Case when I sentenced him on September 18, 2023. But it was unnecessary to do so. Release conditions that exist before sentencing continue to exist after sentencing, unless the defendant is detained or the Court terminates or modifies the release conditions at sentencing. And by the Order's terms, it remains in effect until Coston reports to the BOP for execution of his sentence. *See* Order Setting Conditions of Release, 2022 Case, Doc. No. 14 at 1 ("[T]he defendant's release is subject to these conditions: . . . . The defendant must appear in court as required and, if convicted, must *surrender* as directed to serve a sentence that the court may impose.") (emphasis added); *see id.* at 4 ("If, after release, you knowingly fail to appear as the conditions of release require, or to *surrender* to serve a sentence, you may be prosecuted . . . . A term of imprisonment imposed for failure to appear or *surrender* will be consecutive to any other sentence you receive.") (emphasis

7

added). The term "surrender" confirms that the release conditions set forth in the March 29, 2023 Order Setting Conditions of Release were in effect until the date of Coston's self-surrender. Moreover, because the applicability of chapter 207 had not yet ended with Coston's reporting to prison, and because he was not detained, he was necessarily on release under chapter 207 at the time of the charged offense.

For those reasons, Coston was on "release" within the meaning of Chapter 207 when he allegedly committed the instant offense. His arguments that the grand jury was "misled" by Agent Essing's testimony—even if they were availing—do not justify dismissal of the indictment, because Coston was undoubtedly on "release." Any error would be "harmless beyond a reasonable doubt." *Hilts*, 757 F. App'x at 59 (citing *United States v. Mechanik*, 475 U.S. 66, 70 (1986)) (internal quotation marks omitted).

B. <u>Hearsay and Grand Jury Instructions</u>

Coston also asks me to order the government to disclose its instructions to the grand jury so that he can "ascertain whether the government met the affirmative duty on the part of the prosecutor . . . to enlighten the grand jurors as to the hearsay quality of the evidence they were receiving." Doc. No. 46 at 6 (quoting *United States v. Gallo*, 394 F. Supp. 310, 314 (D. Conn. 1975)).

"The court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (cleaned up). As discussed, no such ground exists. And without a showing "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," I decline to order the government to disclose its instructions to the grand jury. *See id.*

## IV.  Conclusion

For the foregoing reasons, Coston's motion to dismiss the indictment's 18 U.S.C. § 3147(1) charge, **doc. no. 46**, is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of October 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
